JOSEPH A. ATHENS, Plaintiff in Error, v. LEVI NALE, Defendant in Error.

### ERROR TO MACON.

A. gave a bond to B., conditioned that he would convey a certain lot to B. B. afterwards requested A. to deed the lot to C., which A. did. *Held*, That there being no fraud, such a conveyance by A. was a substantial performance of his covenant.

A covenant to make a general warrantee deed, is performed by a deed containing the words "will warrant and forever defend the title," etc., and such a covenant is, in effect, a covenant for quiet enjoyment.

THIS was a bill in chancery, by Levi Nale against Joseph A. Athens and William Bandy, filed in Macon Circuit Court, on July 15th, 1859.

Bill alleges that defendant, Bandy, sold to Athens, lot 5, in block 4, and lot 15, block 5, in Decatur, for $400; that $205 of the purchase money was still due; that Bandy had delivered to Athens a contract to make title to said lots to him, on payment of purchase money; and that Athens bargained and sold to Nale, lot 15, block 5, and delivered to said Nale his contract for conveyance of the same, conditional that he would make to said Nale a deed for said lot, if said Nale should deed to Joseph Swisher, according to the terms of a bond executed by said Nale to said Swisher, and should pay the taxes afterward accruing on said real estate. Bill further alleges, that Nale fully complied with the conditions of said bond, and that Athens had refused to make title to him.

Bill also alleges that Bandy, on 12th July, 1859, filled his bill against Athens to enforce a vendor's lien for balance of purchase money due him, and charges that Athens is still possessed of said lot 5, block 4.

Prayer of bill that lot 5, block 4, may be first offered for sale under decree to enforce vendor's lien in favor of Bandy, and that lot 15, block 5, sold to Nale, may be released from Bandy's lien, etc.

Separate answer of Joseph A. Athens to bill, filed August 18th, 1859. Answer admits, that Athens purchased lots named in complainant's bill for $400, and alleges that all of said purchase money has been paid, and that Bandy has executed to him (Athens) a deed for the same. Answer further admits, that Athens did bargain and sell to said Nale, lot 15, in block 5, in said bill mentioned, and executed his bond to convey the same upon the condition, to the best of his (Athens') recollection, that when said Nale shall make Joseph Swisher a deed of conveyance for a lot of ground, in said bond mentioned, and said

Swisher shall pay Athens $200, said Athens should make to said Nale a deed for said lot 15, block 5. Answer avers, that Swisher has not paid Athens the $200, and that Nale has executed a deed of conveyance for lot of ground described in said bond from Athens to Nale, to one ——. Hubbell, and not to said Swisher, and that complainant has not complied with conditions of said bond.

Supplemental bill, filed by Nale against Athens, alleges the filing of original bill, and repeats terms of contract as therein set forth. Further charges, that since commencement of suit said Athens has paid Bandy, and that Bandy has delivered to Athens a deed for said property, and that Bandy has dismissed his suit against Athens; prays that complainant be permitted to to dismiss his bill as against Bandy, and for a specific performance of the contract set forth in original bill, and for relief, etc.

Separate answer of Athens to supplemental bill, avers the making of bond as stated in original answer, and that if said bond is conditional as stated in said bill, it is not the conditions that were understood by respondent, and was not correctly written by the persons writing said bond.

The decree of the court, after reciting proofs in the cause, of making of contract between Nale and Athens, states that it appeared from proof that the bond executed by Nale to Swisher was conditioned that Nale should convey to Swisher, lot 15, block 5, in Allen, McReynolds & Co.'s addition to Decatur, and that proof further showed that Nale, at request of said Swisher, had conveyed said lot to one Charles Hubbell.

Decree further provides that Athens should convey to said Nale said lot by deed of fee simple, and should insert therein covenants of quiet enjoyment, and in default, etc., master in chancery should make deed. Decree for costs against Athens allowed.

At March term, 1860, bill of exceptions filed; proof of loss of bond from Athens to Nale, and secondary proof of same, the condition of said bond being in part as follows: "The condition of the above obligation is such, that whereas the said Joseph A. Athens has this day sold unto Levi Nale, for the sum of seven hundred dollars, the following described, etc. Now if the said Levi Nale shall execute a warrantee deed to Joseph Swisher, according to the condition of a bond executed by said Nale to the said Swisher, etc., then the said Joseph A. Athens is to make or cause to be made a general warrantee deed for the above described, etc."

Complainant proved that he had paid taxes, etc., and that bond from complainant to Swisher was lost, whereupon Nathan Tupper testified that said bond bore same date as Athens' bond

to complainant, and was conditional that Nale should execute and deliver to said Swisher a deed of conveyance for lot 15, in block 3, of Allen, McReynolds & Co.'s addition to Decatur, when he (defendant Athens) should xecute a deed to Nale for lot 15, block 5, in Bandy's addition. Complainant proved that on 9th April, 1859, he, at the request of Swisher, made and delivered a deed for said lot to one Charles Hubbell.

Defendant Athens proved that at time of making said bond the said Swisher was indebted to him, $250 ; that said Swisher had no other property than that described in bond. Court rendered judgment for complainant, to which defendant excepted, etc.

Errors assigned :

The court erred in rendering decree that Athens should make deed to Nale for lot 15, block 5, in Bandy's addition, when the proof showed that the conditions of the bond from Athens to Nale had not been complied with by Nale.

The court erred in rendering decree in favor of Nale for specific performance of the contract mentioned in the bill, when proof did not show any excuse on part of Nale for non-performance of the condition of the bond received by him from Athens, but showed that he had not performed, and had voluntarily, and without consent of Athens, put it out of his power to perform said condition.

The court erred in rendering a decree that Athens should execute deed to Nale, with covenant of quiet enjoyment.

The court erred in rendering decree against Athens, and no decree of any kind against Bandy.

The court erred in not dismissing the bill of complainant upon the hearing.

J. S. POST, and A. J. GALLAGHER, for Plaintiff in Error.

TUPPER & NELSON, for Defendant in Error.

BREESE, J.  We do not think there is any ground for either of the errors assigned in this record.  It is not necessary there should be a literal performance of such a covenant as is set forth in the bond executed by Athens to Nale.  A substantial compliance is sufficient, and there is nothing shown in the bond making a literal compliance essential.  Nor is it made a part of the case, that Nale sought to defraud Athens in executing the deed, not directly to Swisher, but to another person according to Swisher's direction.  Athens' bond to Nale nowhere recites any indebtedness from Swisher to him, rendering it necessary that Nale should convey the lot to Swisher, so that Athens might look to that as security for his debt.  Suppose Swisher had

assigned the bond he held on Nale, his assignee could have compelled a deed from Nale to him, and as the deed from Athens to Nale was dependent on the execution of the deed by Nale to Swisher, the assignee of Swisher could have made Athens a party, and compelled him to make a deed to Nale, so that he could get his title as assignee, from Nale. This request of Swisher to Nale, to make the deed to Hubbell, instead of to himself, we regard as equivalent to an assignment of the bond by Swisher to Hubbell; and performance to Hubbell, by Nale, discharges Nale from his covenant. It is, to all intents and purposes, a substantial performance of his covenant with Athens, and placed him in a position to demand a conveyance from Athens.

Upon the second point : By the terms of the bond from Athens to Nale, Athens was to execute a general warrantee deed to the lot of ground. The decree is, that Athens convey the lot to Nale by deed in fee simple, and insert therein covenants " of quiet enjoyment," and general warranty of title against all claims whatsoever.

It is objected that this covenant for quiet enjoyment, is beyond the condition of the bond, and broader than its terms. A covenant to make a general warrantee deed is performed by a deed containing the words, " will warrant and forever defend the title," etc., and such a covenant Kent says " is in effect a covenant for quiet enjoyment." 4 Kent's Com. 492. *Caldwell* v. *Kirkpatrick*, 6 Alabama, (new series) 60. We are of that opinion also. It is no broader than the covenant of general warranty.

As to the remaining objection, that there is no decree taken against Bandy, it appears from the record that at the hearing it was shown that Bandy had no interest whatever in the controversy, his title having been passed to Athens, so that a decree against him was unnecessary. And the record further shows that complainant Nale, by his supplemental bill, took leave to dismiss his bill as to Bandy, though no dismissal appears of record. There having been a substantial performance by Nale of the condition of his bond to Swisher, and no charge or pretense of fraud on the part of Nale, in obeying Swisher's directions, by making the deed to Hubbell, the decree must be affirmed.

*Decree affirmed.*